# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **OBE E. JOHNSON,**<br><br>Plaintiff,<br><br>v.<br><br>**DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN, et. al.,**<br><br>Defendants. | CIVIL NO. 16-1400 (DRD) |

## OPINION AND ORDER

Pending before the Court is Defendants, Puerto Rico Department of Corrections and Rehabilitation, Mariluz Acevedo-Pérez, Edward García-Soto, and Michael Sebastian-Pérez' (hereinafter, "Defendants") *Motion to Dismiss Amended Complaint at Docket 36 Pursuant to Federal Rule of Civil Procedure 12(b)(6)* which is unopposed by Petitioner, Obe E. Johnson (hereinafter, "Petitioner"). *See* Docket No. 46.

For the reasons stated herein, the Court hereby **GRANTS** Defendants' motion to dismiss.

## I. PROCEDURAL BACKGROUND

In February 2005, Petitioner was arrested and charged with armed robbery and violation of Puerto Rico weapon laws for events that occurred on February 5, 2005. On June 13, 2005, he was found guilty on all counts in state court. Consequently, on September 15, 2005, Petitioner was sentenced to 35 years of imprisonment. *See* Docket No. 1 p. 1 ¶ 4; *see Johnson v. Muñíz*, Civil No. 14-1867-FAB-BJM at Docket No. 46. Petitioner

is currently imprisoned under a correctional institution that belongs to the Puerto Rico Department of Corrections and Rehabilitation. Id. at ¶ 4. On November 20, 2008, the Puerto Rico Court of Appeals affirmed Petitioner's conviction and judgment. Id. On June 1, 2009, the Supreme Court of Puerto Rico denied Petitioner's petition for certiorari.[1] Id. Petitioner then filed several pro se petitions before the Puerto Rico Supreme Court to set aside his conviction on constitutional grounds, all of which have been denied by the Supreme Court of Puerto Rico since December 9, 2011. [2] Id.

The Court notes that Petitioner has filed several habeas corpus petitions in federal court under 28 U.S.C. § 2254 which were denied for lack of prosecution, failure to exhaust state remedies, and as successive petitions. Docket No. *See* Civil No. 09-1172 (CCC) (dismissing for failure to state a claim); Civil No. 09-1639 (JAF) (dismissing for lack of prosecution); Civil No. 10-1177 (JAF) (dismissing for failure to exhaust state remedies; Civil No. 12-1027 (SEC) (dismissing for lack of prosecution and unauthorized successive petition); Civil No. 13-1272 (JAF) (denying petition as time-barred). *See* Docket No. 10 p. 2 ¶ 5. Petitioner has also filed pro se actions under 42 U.S.C. § 1983 for malicious prosecution against a state judge, police officer and the United States of America. *See* Civil No. 09-1173 (JP); Civil No. 09-1638 (GAG); and Civil No. 13-1271 (CCC). Id.

---

[1] Petitioner alleges that on January 25, 2008, the Supreme Court of Puerto Rico revoked the sentence imposed to him by the Puerto Rico Court of First Instance and subsequently, the Puerto Rico Court of Appeals, and a new trial was ordered. Therefore, he is illegally under custody at the Guayama 500 Prison. However, this information is incorrect. Docket No. 36 p. 3 ¶ 5.

[2] "Ordinarily, a court may not consider any documents outside the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co.,* 267 F 3d 30, 33 (1st Cir. 2001). However, a narrow exception exists for documents whose authenticity is not disputed, official public records, documents central to plaintiff's claim, or documents sufficiently referred to in the complaint. *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993).

In the instant case, Petitioner alleges he is illegally under custody in the Guayama 500 Prison because on January 25, 2008, the Supreme Court of Puerto Rico revoked the sentence imposed on him by the Court of First Instance and Court of Appeals and ordered a new trial. He also claims that the only reason he remains detained is because of race discrimination by Defendants. Concordantly, Petitioner is seeking money damages for thirty thousand dollars ($30,000.00) and release from prison pursuant to 28 U.S.C. § 2254. *See* Docket No. 36 pp. 2-3 ¶¶ 3, 4, 5, 7 and 8.

Defendants allege that Petitioner does not explain specific facts that constitute a deprivation of his rights, and that he has failed to plead content that make his claim plausible. *See* Docket No. 46 p. 2 ¶ 9. Further, Defendants aver that from the text of the Amended Complaint there is no link to Defendants with actionable conduct. Id. He also fails to establish a personal involvement by Defendants, and fails to allege facts that are sufficient to create a causal connection between Defendants and the alleged violations to his constitutional rights. Id. at ¶ 10. Moreover, Defendants allege that the complaint must be dismissed since Defendants are immune under the Eleventh Amendment. Id. at p. 3 ¶ 11.

On January 31, 2017, Petitioner filed a pro se *Motion to Alter or Amend the Judgment of Complaint*. *See* Docket No. 1. Defendants proceeded to file a motion to dismiss complaint (Docket No. 10), in which they argued for a dismissal under Rule 12(b)(6) based on Petitioner's failure to state a claim upon which relief can be granted. Petitioner filed an opposition to such motion (Docket No. 15).

Then, on June 26, 2016 Petitioner filed a *Motion of Error to a Motion to Dismiss Pursuant to Rule of Civil Procedure 12(b)(6) the Defendant or the Court Should Please Correct Error.* *See* Docket No. 13. Because Petitioner was acting pro se, the Court granted Petitioner leave to amend the complaint. *See* Docket No. 14. Although Defendants filed a *Motion to Dismiss for Failure to State a Claim* (Docket No. 16), the Court denied motions on Dockets 10 and 16 without prejudice. *See* Docket No. 19.[3]

Petitioner filed an *Amended Complaint* (Docket No. 18) and Defendants moved to dismiss the amended complaint under the same argument of failure to state a claim (Docket No. 20). The Court temporarily denied Defendants' motion to dismiss since such motion was not aimed at the operative complaint, which was yet to be filed. *See* Docket No. 28. Petitioner then filed a second *Amended Complaint* on December 8, 2016. *See* Docket No. 29. Consequently, Defendants moved for a renewed dismissal for failure to state a claim. *See* Docket No. 30. Then, on December 27, 2016, Petitioner filed yet a third *Motion for Leave to File an Amended Complaint* (Docket No. 31).

Considering the fact that Petitioner was acting pro se, the Court temporarily denied Defendants motion to dismiss at Docket No. 30, and granted Petitioner's request for leave to file amended complaint. However, the Court warned Petitioner that no

---

[3] ORDER temporarily denying 10 Motion to Dismiss for Failure to State a Claim, temporarily denying 16 Motion to Dismiss for Failure to State a Claim, noting 17 Informative Motion, and noting 18 Informative Motion. Upon careful review of the record, it appears that Docket No. 15 is the response to the motion to dismiss at Docket No. 10, not an amended complaint. It is Docket No. 18 that constitutes the amended complaint. Therefore, Defendants are to answer the complaint at Docket No. 18 or otherwise plead on or before 8/26/2016. As the motions to dismiss are not aimed at the actual amended complaint, they must be denied without prejudice.

further amendments would be allowed unless a manifest injustice would occur. *See* Docket No. 32.[4]

Concordantly, on January 31, 2017, Petitioner filed his fourth and final Amended Complaint (Docket No. 36), and Defendants moved for dismissal on March 20, 2017 (Docket No. 46), which is unopposed. However, Petitioner also submitted a *Memorandum of Law Brief*. *See* Docket No. 47. Notwithstanding, this amended complaint was also prepared under pro se and unfortunately, remains under the same defects as the original complaint. Accordingly, Defendants restated their prior motions to dismiss arguments (Docket No. 46).

## II. APPLICABLE LAW

*A. Issue Preclusion*

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980). However, one should not be deceived by the apparent simplicity of this general res judicata principal. The terminology and reach of res judicata have been the subject of considerable scholarly debate. See, e.g., 18 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4416 (2d ed.). In fact, the parties themselves seem to disagree on some of these very issues.

At the outset, the Court notes that "[r]es judicata is an umbrella term encompassing both **issue preclusion** (traditionally known as **collateral estoppel**) and

---

[4] Petitioner also filed a Motion for Summary Judgment (Docket No. 33), which was denied by the Court for being premature. *See* Docket No. 35.

**claim preclusion** (the traditional phrase is merger and bar)." (Emphasis added). Negron-Fuentes v. UPS Supply Chain Solutions, 532 F.3d 1, 5 n. 2 (1st Cir. 2008) (citing AVX Corp. v. Cabot Corp., 424 F.3d 28, 30 (1st Cir. 2005)). Over a century ago, the Supreme Court had the following to say regarding what has come to be known as issue preclusion:

> The general principle announced in numerous cases is that a right, question, or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and, even if the second suit is for a different cause of action, the right, question, or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified. This general rule is demanded by the very object for which civil courts have been established, which is to secure the peace and repose of society by the settlement of matters capable of judicial determination. Its enforcement is essential to the maintenance of social order; for the aid of judicial tribunals would not be invoked for the vindication of rights of person and property if, as between parties and their privies, conclusiveness did not attend the judgments of such tribunals in respect of all matters properly put in issue, and actually determined by them.

Southern Pac. R. Co. v. United States, 168 U.S. 1, 48-49 (1897). It should also be recognized that "[f]ederal common law governs the application of issue preclusion here, because it is an earlier federal judgment's preclusive effect at stake." Negron-Fuentes, 532 F.3d at 7 (citing Hoult v. Hoult, 157 F.3d 29, 31 (1st Cir. 1998), *cert. denied*, 527 U.S. 1022 (1999)). Accordingly, the First Circuit has provided the following requirements in order to determine whether issue preclusion attaches to the prior judgment: "(1) both proceedings involved the same issue of law or fact, (2) the parties actually litigated that issue, (3) the prior court decided that issue in a final judgment, and (4) resolution of that issue was

essential to judgment on the merits." United States v. Szpyt, 785 F.3d 31, 40 n. 7 (1st Cir. 2015) (citing Global NAPs, Inc. v. Verizon New Eng., 603 F.3d 71, 95 (1st Cir. 2010)).

### B. *Rule 12(b)(6) Motion to Dismiss Standard*

Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When addressing a motion to dismiss filed by a defendant under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "we accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff[]." Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48-49 (1st Cir. 2009). However, under Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007), a plaintiff must "provide the grounds of his entitlement [with] more than labels and conclusions." See Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) ("in order to 'show' an entitlement to relief a complaint must contain enough factual material 'to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).') (quoting Twombly, 550 U.S. at 555) (Citation omitted). Thus, a plaintiff must, and is now required to, present allegations that "nudge [his] claims across the line from conceivable to plausible" in order to comply with the requirements of Rule 8(a). Id. at 570; *see e.g.* Ashcroft v. Iqbal, 556 U.S. 662 (2009).

When considering a motion to dismiss, the Court's inquiry occurs in a two-step process under the current context-based "plausibility" standard established by Twombly, 550 U.S. 544, and Iqbal, 556 U.S. 662. "Context based" means that a Plaintiff must allege sufficient facts that comply with the basic elements of the cause of action. *See* Iqbal, 556

U.S. at 671-672 (concluding that plaintiff's complaint was factually insufficient to substantiate the required elements of a Bivens claim, leaving the complaint with only conclusory statements). First, the Court must "accept as true all of the allegations contained in a complaint[,]" discarding legal conclusions, conclusory statements and factually threadbare recitals of the elements of a cause of action. Iqbal, 556 U.S. at 678; Mead v. Independence Ass'n, 684 F.3d 226, 231 (1st Cir. 2012) ("Any statements in the complaint that are either legal conclusions couched as facts or bare bones recitals of the elements of a cause of action are disregarded."). "Yet we need not accept as true legal conclusions from the complaint or 'naked assertion[s]' devoid of 'further factual enhancement.'" Maldonado v. Fontanes, 568 F.3d 263, 268 (1st Cir. 2009) (quoting Iqbal, 556 U.S. at 678) (quoting Twombly, 550 U.S. at 557).

Under the second step of the inquiry, the Court must determine whether, based upon all assertions that were not discarded under the first step of the inquiry, the complaint "states a plausible claim for relief." Iqbal, 556 U.S. at 679. This second step is "context-specific" and requires that the Court draw from its own "judicial experience and common sense" to decide whether a plaintiff has stated a claim upon which relief may be granted, or, conversely, whether dismissal under Rule 12(b)(6) is appropriate. Id.

Thus, "[i]n order to survive a motion to dismiss, [a] plaintiff must allege sufficient facts to show that he has a plausible entitlement to relief." Sanchez v. Pereira-Castillo, 590 F.3d 31, 41 (1st Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed.

-8-

R. Civ. P. 8(a)(2)). Furthermore, such inferences must be at least as plausible as any "obvious alternative explanation." Id. at 682 (citing Twombly, 550 U.S. at 567). "A plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action." Ocasio-Hernandez, 640 F.3d at 12, (citing Iqbal, 556 U.S. at 680).

The First Circuit has cautioned against equating plausibility with an analysis of the likely success on the merits, affirming that the plausibility standard assumes "pleaded facts to be true and read in a plaintiff's favor" "even if seemingly incredible." Sepúlveda-Villarini v. Dep't of Educ. of P.R., 628 F.3d 25, 30 (1st Cir. 2010) (citing Twombly, 550 U.S. at 556); Ocasio-Hernandez, 640 F.3d at 12 (citing Iqbal, 556 U.S. at 680); *see* Twombly, 550 U.S. at 556 ("[A] well-pleaded complaint may proceed even if it appears that a recovery is very remote and unlikely.")(internal quotation marks omitted); *see* Ocasio-Hernandez, 640 F.3d at 12 (citing Twombly, 550 U.S. at 556) ("[T]he court may not disregard properly pled factual allegations, 'even if it strikes a savvy judge that actual proof of those facts is improbable.'"). Instead, the First Circuit has emphasized that "[t]he make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, [but] not a merely conceivable, case for relief." Sepúlveda-Villarini, 628 F.3d at 29.

However, a complaint that rests on "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" will likely not survive a motion to dismiss. Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996); Sánchez v. United States, 671 F.3d 86, 92 (1st Cir. 2012) ("we must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor.") (internal quotations omitted). Similarly,

unadorned factual assertions as to the elements of the cause of action are inadequate as well. Penalbert-Rosa v. Fortuno-Burset, 631 F.3d 592 (1st Cir. 2011). "Specific information, even if not in the form of admissible evidence, would likely be enough at [the motion to dismiss] stage; pure speculation is not." Id. at 596; *see* Iqbal, 556 U.S. at 681 ("To be clear, we do not reject [] bald allegations on the ground that they are unrealistic or nonsensical ... It is the conclusory nature of [the] allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *see* Mendez Internet Mgmt. Servs. v. Banco Santander de P.R., 621 F.3d 10, 14 (1st Cir. 2010) (The Twombly and Iqbal standards require District Courts to "screen[] out rhetoric masquerading as litigation.").

Finally, the Court notes that "[i]t is not necessary to plead facts sufficient to establish a prima facie case at the pleading stage." Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 54 (1st Cir. 2013). Notwithstanding, the elements of the prima facie case are relevant to a plausibility determination and "[t]hose elements are part of the background against which a plausibility determination should be made." Id.

### C. State Immunity pursuant to 42 U.S.C. § 1983

Section 1983 does not create any independent substantive rights; Section 1983 is only a procedural vehicle to vindicate constitutional and other federal statutory violations brought about by state actors. *See Baker v. McCollan,* 443 U.S. 137, 145, n.3 (1979)("Section 1983 . . . is not itself a source of substantive rights, but [merely provides] a method for vindicating federal rights elsewhere conferred . . . ."); *Albright v. Oliver*, 210 U.S. 266 (1994); *Lockhart-Bembery v. Sauro*, 498 F.3d 69, 74 (1st Cir. 2007); *Cruz-Erazo v.*

*Rivera-Montañez*, 212 F.3d 617 (1st Cir. 2000). Section 1983 merely provides a mechanism to remedy for deprivations of rights that are federally enshrined elsewhere. *Oklahoma City v. Tuttle*, 471 U.S. 808 (1985).

Section 1983 provides:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

42 U.S.C. § 1983.

When assessing the imposition of liability under Section 1983, we must first ask "(1) whether the conduct complained of was committed by a person acting under the color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553, 558 (1st Cir. 1989)(citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). Acting under color of state law requires that a "defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because wrongdoer is clothed with authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988)(internal citations and quotations omitted). Furthermore, "[i]t is firmly established that a defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the State." Id. at 49-50. *See Monroe v. Pape,* 365 U.S. 167, 172, 81 S.Ct. 473, 476 476, 5 L. Ed. 2d 492 (1961).

Although Section 1983 provides an avenue to remedy many deprivations of civil liberties in federal court, it "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). The Eleventh Amendment bars lawsuits for monetary damages against a State in federal court, unless said State has waived its immunity or unless Congress has expressly overridden that immunity. *See* CONST. Amend. XI; *Will*, 491 U.S. at 66 (citing *Welch v. Texas Dept. of Highways and Public Transportation*, 483 U.S. 468, 472-473 (1987) (plurality opinion)); *O'Neill v. Baker*, 210 F.3d 41 (1st Cir. 2000). Furthermore, "neither a state agency nor **a state official acting in his official capacity may be sued for damages in a section 1983 action.**" *Johnson v. Rodriguez*, 943 F.2d 104, 108 (1st Cir. 1991)(emphasis ours). The reasoning follows that a suit against an official actor is a suit against his office, and by default a suit against the state. *See Will*, 491 U.S. at 71; *Brandon v. Holt,* 469 U.S. 464, 471 (1985); *Kentucky v. Graham,* 473 U.S. 159, 165-166 (1985).

Puerto Rico has long been considered a state for Eleventh Amendment purposes. *See Irizarry–Mora v. Univ. of Puerto Rico,* 647 F.3d 9 (1st Cir. 2011); *Metcalf & Eddy, Inc. v. P.R. Aqueduct & Sewer Auth.,* 991 F.2d 935 (1st Cir. 1993). "The Eleventh Amendment bars the recovery of damages in a federal court against the Commonwealth of Puerto Rico, and, by the same token, it bars the recovery of damages in *official capacity* suits brought against Puerto Rico officials where recovery will come from the public fisc." *Culebras Enterprises Corp. v. Rivera Rios,* 813 F.2d 506, 516 (1st Cir. 1987) (citing *Ramirez v. P.R. Fire*

*Service,* 715 F.2d 694, 697 (1st Cir. 1983) and *Kentucky v. Graham,* 473 U.S. 159 (1985)) (emphasis in the original); *Maysonet–Robles v. Cabrero,* 323 F.3d 43 (1st Cir. 2003).

### III. LEGAL ANALYSIS

The Court must begin by noting that Petitioner has filed several habeas corpus petitions in the federal court, which were denied for lack of prosecution, failure to exhaust state remedies, and as successive petitions. Upon evaluation of the issue preclusion requirements, the Court is forced to conclude that Petitioner has filed yet another complaint containing the same issue of fact, that is, a petition of habeas corpus under 18 U.S.C. § 2254; which was litigated between Petitioner and the government; and resulted in several final judgments denying Petitioner's claims of illegal custody. Moreover, the issue of habeas corpus was essential to the judgment on the merits in previous proceedings. Consequently, Petitioner is barred from restating habeas corpus issues of fact having been ruled upon by the Federal Court in previous proceedings, finding them meritless and successive.[5]

With the issue preclusion hurdle out of the way, all that is left for the Court is to rule upon Petitioner's allegations of violation of his constitutional and civil rights due to his race. Defendants argue that Petitioner has failed to state a claim under which a relief can be granted and a dismissal under Rule 12(b)(6) must be granted by the Court. The Court agrees with Defendants' reasoning. Even if the Court were to entertain Petitioner's allegations in the instant case, the Amended Complaint remains under the same defects

---

[5] *See* Civil No. 09-1172 (CCC); 10-1177 (JAF); 12-1027 (SEC) and; 13-1272 (JAF).

as the original complaint. Petitioner makes conclusory allegations that he is being held illegally under custody and in violation of his civil rights due to his race. Petitioner fails to mention facts that could constitute a violation of his civil or constitutional rights. Petitioner simply mentions Defendants without specifying instances in which they were personally involved in violations of his rights. Furthermore, Petitioner fails to establish a causal connection between the alleged violations to his civil or constitutional rights and Defendants. Even considering the liberality of pro se pleading standards, there are simply insufficient facts to configure a cognizable claim under 42 U.S.C. § 1983.

Furthermore, Petitioner is seeking compensation in damages from the Department of Corrections and Rehabilitation of Puerto Rico as well as co-defendants Mariluz Acevedo-Pérez, Edward García-Soto, and Michael Sebastian-Pérez; all of which are being sued in their official capacity. However, since Puerto Rico has long being considered an arm of state for Eleventh Amendment purposes, and the Department of Corrections and Rehabilitation is an arm of the state, it cannot be sued in federal court, and hence, it is immune from suits under the Eleventh Amendment. Moreover, since co-defendants, Mariluz Acevedo-Pérez, Edward García Soto, and Michael Sebastian-Pérez were state officials acting in their official capacity they are also immune from damages suits under the Eleventh Amendment.

Consequently, Petitioner is barred by the Eleventh Amendment from seeking damages from Defendants.

## IV. CONCLUSION

For the reasons discussed above, this Court **GRANTS** Defendants Motion to Dismiss (Docket No. 46). Consequently, the Court hereby **DISMISSES WITH PREJUDICE** the instant case.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, this 14th day of June, 2017.

*/S/ DANIEL R. DOMÍNGUEZ*
Daniel R. Domínguez
United States District Judge